CHESTER A. BRAMAN et al., Copartners under the Firm Name of A. D. JUILLIARD & Co., Respondents, *v.* THE CAPITOL WOOLEN Co., INC., Appellant.

*Contract — sale — rescission — action to recover for goods alleged to have been sold and delivered — defense that goods were not in accordance with description or sample.*

*Braman* v. *Capitol Woolen Co., Inc.*, 198 App. Div. 1001, affirmed.

(Argued November 28, 1922; decided December 12, 1922.) .

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 2, 1921, affirming a judgment in favor of plaintiffs entered upon a verdict. The complaint states a cause of action for goods sold and delivered in the sum of $10,507.40. The answer admitted the sale and the delivery of goods and non-payment. It alleged by way of affirmative defense that the goods were purchased by description and by sample; that they were not in accordance with the description or the sample, by reason of which the contract of sale was rescinded and the return of the goods tendered.

*Charles J. McDermott, Lazarus Goldstone* and *Arthur D. Fisher* for appellant.

*Max D. Steuer* and *Irving D. Lipkowitz* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ. Dissenting: HISCOCK, Ch. J.

---

LOUIS GOLD, Appellant, *v.* LOUIS ROSS, Respondent.

*Bills, notes and checks — loan — action on promissory notes and for money loaned — release.*

*Gold* v. *Ross*, 195 App. Div. 721, affirmed.

(Argued November 28, 1922; decided December 12, 1922.)

APPEAL from a judgment, entered March 17, 1921, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term. The complaint alleged two

causes of action. The first on a promissory note for $1,773.10 alleged to have been made by the defendant on December 3, 1918, payable on demand, and the second for $100 alleged to have been loaned by plaintiff to defendant on May 1, 1919. The answer admitted the making of the note but denied the allegations in the complaint of the plaintiff's lawful ownership of the note, of the demand of payment alleged and any indebtedness thereon, and denied the alleged loan. The answer then alleged as a further defense to the note a release of that claim by the plaintiff and of all claims plaintiff ever had against the defendant out of any business transaction.

*Herman S. Bachrach* and *Clarence G. Bachrach* for appellant.

*Henry Greenberg* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

RALPH C. JACOBS, Appellant, *v.* MARYLAND CASUALTY COMPANY, Respondent.

*Insurance — action to recover upon policy of liability insurance — defense that policy ran to firm and did not cover liability of individual member thereof.*

Jacobs v. *Maryland Casualty Co.*, 198 App. Div. 470, affirmed.

(Argued November 28, 1922; decided December 12, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 30, 1921, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term. Plaintiff recovered a judgment in an action which he brought against Thomas F. Slavin for injuries which he suffered by being run over by an automobile in the city of Troy. An execution was issued thereon against Thomas F. Slavin and was returned unsatisfied. Thereupon the plaintiff brought this action against this defendant, Maryland Casualty Company, alleging, among other things, that on April 10, 1919, this